1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICE OF J. SCOTT WICKLAND**
1921 Motor Avenue, Suite A
Kingman, Arizona 86401
Tel: (928) 718-8888
Fax: (928) 718-8889
J. Scott Wickland, Esq.
Arizona State Bar No. 016333
wicklandlaw@gmail.com

*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Theresa Kiefer,<br><br>        Plaintiff,<br><br>vs.<br><br>Lifepoint Hospitals Inc. Welfare Plan,<br>and<br>Lifepoint Welfare Plan Administration<br>Committee,<br><br>        Defendants | No.: _____<br><br>**Complaint for Declaratory**<br>**Judgement and Other**<br>**Equitable Relief** |

        Plaintiff, Theresa Kiefer, by and through her counsel undersigned, files

this Complaint:

**PRELIMINARY STATEMENT**

        1.    The Employee Retirement Income Security Act ("ERISA"), covers both

"employee welfare benefit plans" and "employee pension benefit plans." 29 U.S.C.

§ 1002(1). An ERISA plan is "any plan, fund, or program…established or maintained

by an employer…for the purpose of providing…medical, surgical, or hospital care

or benefits, or benefits in the event of sickness, accident, disability, death

or unemployment." *Id.*

        2.    ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), provides that the plan

administrator of an ERISA plan must "upon written request of any participant or

beneficiary, furnish a copy of…instruments under which the plan is established

or operated."

3.     ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), provides that if the administrator of the ERISA plan fails to comply with such a request within 30 days, the court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, or order other such relief as the court deems proper.

4.     ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), provides that a civil action may be brought against an ERISA plan by a participant or beneficiary for the relief provided for in subsection (c).

5.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a civil action may be brought against an ERISA plan by a participant or beneficiary to enforce their rights under the terms of the Plan.

6.     ERISA § 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A), provides that a civil action may be brought against an ERISA plan by a participant or beneficiary to enjoin any act or practice which violates the terms of the Plan.

7.     ERISA § 502(a)(3)(B)(ii), 29 U.S.C. § 1132(a)(3)(B)(ii), provides that a civil action may be brought against an ERISA plan by a participant or beneficiary to obtain other appropriate equitable relief to enforce the terms of the Plan.

**JURISDICTION AND VENUE**

8.     The Court has jurisdiction of the claims for relief based upon the civil enforcement provisions of ERISA, 29 U.S.C. §§ 1132 (a) (1) (A), 1132(a)(1)(B), and 28 U.S.C. §§ 1331.

9.     Relief is also sought under 28 U.S.C. §§ 2201 and 2202, granting any district court of the United States, in a case of actual controversy within its jurisdiction, the power to declare the rights and other legal relations of any interested party seeking such declaration and to grant further necessary or proper relief based upon a declaratory judgment or decree.

10.    Venue of this action lies in the District of Arizona, pursuant to

2

28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), in that acts complained of herein occurred within this District.

**THE PARTIES**

11.   At all times relevant herein, plaintiff, Theresa Kiefer ("Kiefer"), was

        a.   a United States citizen and resident of Kingman, Mohave County, Arizona; and

        b.   a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Lifepoint Hospitals, Inc. Welfare Plan.

12.   Defendant, Lifepoint Hospitals Inc. Welfare Plan ("Plan"), is an employee pension benefit plan pursuant to ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Plan is a defined pension benefit plan. The plan is named as a party defendant pursuant to Rule 19(a), Fed.R.Civ.P.

13.   Defendant, Lifepoint Welfare Plan Administration Committee, is, pursuant to ERISA §§ 3(21) and 3(16), 29 U.S.C. §§ 1002(21) and 1002(16), the named "fiduciary" and "administrator" of the Plan.

**FACTS**

14.   On November 5, 2014, Kiefer was involved in a motor vehicle collision in Kingman, Arizona, and suffered injuries requiring medical care.

15.   Some of the medical providers submitted their claims to the Plan seeking payment of their fees for services rendered to Kiefer. Subsequently, the Plan made payments to Kiefer's medical providers totaling $31,635.71 and now seeks subrogation rights and/or reimbursement for those payments from Kiefer.

16.   In light of the Plan seeking subrogation rights and/or reimbursement, Kiefer has attempted to gather relevant information concerning the Plan, such as the written instruments that were used to establish the Plan. For many months, defendant plan fiduciaries and administrators have failed or refused to comply with Kiefer's written demands for various documents under

which the Plan was established, operated, and administered.

17.   By letter dated May 19, 2016, Kiefer requested that defendants produce, *inter alia,* copies of instruments under which the plan is established or operated pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

18.   Defendants failed to timely produce some responsive documents; the Plan Document and summary plan description ("SPD") were furnished on August 17, 2016. However, some responsive documents have not been produced. Specifically, as of this filing, defendants have failed to produce the substantive terms of the relevant Component Plans as they are set out in insurance contracts and other documents, which form a part of the Plan. Defendants' stated reason for not producing relevant instruments relating to the Component Plans was that "You have all the relevant documents."

19.   The Plan seeks to obtain a lien attaching to (or a constructive trust imposed upon) money that Kiefer received from the tort-case defendant.

20.   The Plan relies on the following language contained in its SPD for its claim:

> **Subrogation Rights**
>
> "The Plan assumes and is subrogated to your legal rights to recover any payments the Plan makes for Covered Services, when your illness or Injury resulted from the action or fault of a third party. The Plan's subrogation rights include the right to recover the reasonable value of prepaid services rendered by Network Providers."

21.   The Plan further relies on the following additional language contained in its SPD:

> **Priority Right of Reimbursement**
>
> "Separate and apart from the Plan's right of subrogation, the Plan shall have first lien and right to reimbursement."

22.   The provisions of the SPD are not enforceable as they cannot create terms that are not also authorized by, or reflected in, governing plan documents. The Plan's governing plan document is silent on subrogation and priority right

of reimbursement. The SPD provides communication with participants and beneficiaries about the plan, but statements in the SPD do not themselves constitute the terms of the plan for purposes of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *Cigna Corp. v. Amara,* 563 U.S. 421 (2011).

### FIRST CLAIM FOR RELIEF
### Penalties for Failure to Provide Requested Plan Documents

23.   Kiefer incorporates and realleges by reference the foregoing paragraphs 1 through 12, inclusive, as if they were fully set forth herein.

24.   ERISA § 104(b)(4), required the Plan administrator to honor within 30 days a written request by Kiefer for a copy of any "instrument under which the [employee benefit plan and trust] is established or operated." Defendant did not fully comply with Kiefer's ERISA document requests.

25.   ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), in view of applicable current federal regulations, provides for penalties of up to $110 a day against a plan administrator personally for the administrator's "failure or refusal" to provide any of the plan documents the administrator is required by law to provide participants and beneficiaries.

26.   Pursuant to ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), this Court should assess penalties up to $110 a day against defendants for their failure or refusal to timely provide Kiefer with the requested documents and instruments under which the Plan is established or operated.

27.   As of this filing date, defendants are liable to Kiefer for a civil penalty of $110 per day commencing thirty days after May 19, 2016, for their refusal to fully comply in a timely manner with ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

### SECOND CLAIM FOR RELIEF
### Breach of Fiduciary Duty for Refusal to Disclose Pension Plan Related Information

28.   Kiefer incorporates and realleges by reference the foregoing

paragraphs 1 through 27, inclusive, as if they were fully set forth herein.

29.   Defendants refuse and continue to refuse to provide plaintiff's pension plan related information. Kiefer did not timely receive any of the documents requested and still has not received all of the documents.

30.   Defendants' failure or refusal to make requested disclosure and produce requested documents interfered with Kiefer's effort to police her Plan and to guard against breaches of fiduciary duty.

31.   Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Kiefer asks this Court to grant appropriate equitable relief including injunctive relief ordering defendants to disclose the information and produce the documents each has in its respective possession that is responsive to Kiefer's request for information enumerated in paragraph 18 above.

**THIRD CLAIM FOR RELIEF**
**Declaration of Rights**

32.   Kiefer incorporates and realleges by reference the foregoing paragraphs 1 through 31, inclusive, as if they were fully set forth herein.

33.   Kiefer is entitled to have this Court issue a declaration of her rights under the Plan, including that the sections of the SPD describing the Plan's subrogation and priority right of reimbursement conflict with the Plan's written instrument by adding terms that do not exist in the Plan documents.

**PRAYER FOR RELIEF**

WHEREFORE, Kiefer seeks orders and judgments against defendants as follows:

A.   Pursuant to ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), grant Kiefer judgment assessing penalties against defendants based upon the maximum $110 per day rate for failure to comply within 30 days after Kiefer's written demand of May 19, 2016, for production of documents, including instruments and other documents under which the Plan was established or operated.

B.   Grant Kiefer such other and further appropriate equitable relief allowable under ERISA § 502(a)(3), as the Court deems just and proper, including injunctive orders directing defendants to forthwith disclose the plan information and produce the documents each has in its respective possession that is responsive to Kiefer's request for information enumerated in paragraph 18 above.

C.   Enter judgment declaring Kiefer's rights under the Plan, including but not limited to a declaration that:

     i.   the statements contained in the Plan's SPD regarding subrogation and reimbursement do not constitute terms of the plan;

     ii.   ERISA does not grant the Plan Administrator the power to set plan terms indirectly by including them in the SPD;

     iii.   the Plan's SPD adds to or contradicts the terms of the Plan document and, therefore, does not constitute a formal Plan document;

     iv.   the formal Plan document does not create or grant subrogation or reimbursement rights for the Plan.

D.   Order defendants to pay the reasonable value of Kiefer's attorney's fees for services performed, expert witness fees, accounting fees, necessary expenses of litigation, and costs of this action.

RESPECTFULLY SUBMITTED this 7th day of December, 2017

                           /s/ J. Scott Wickland
                           Arizona State Bar No. 016333
                           John Scott Wickland, Esq.
                           LAW OFFICE OF J. SCOTT WICKLAND
                           1921 Motor Avenue, Suite A
                           Kingman, AZ 86401
                           Tele. 928-718-8888
                           Fax: 928-718-8889
                           wicklandlaw@gmail.com
                           *Attorney for Plaintiff*